COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ASHLEY KEMPER CORKERY (301380)
(acorkery@cooley.com)
REECE TREVOR (316685)
(rtrevor@cooley.com)
MORGAN LEWIS (322205)
(melewis@cooley.com)
EVA SPITZEN (354081)
(espitzen@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Plaintiff
EDWARD WESTERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WESTERMAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>FTI CONSULTING, INC. and FTI, LLC,<br><br>                    Defendants. | Case No. 3:24-cv-04118-JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR CONTINUANCE OF THE HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MODIFIED BRIEFING SCHEDULE**<br><br>**Dept**: Courtroom D, 15th Floor<br>**Judge**: Joseph C. Spero<br>**Trial Date**: TBD<br>**Date Action Filed**: July 8, 2024 |

Defendants FTI Consulting, Inc. and FTI, LLC (collectively, "FTI") just filed after hours an *ex parte* application that grossly misstates the facts and law and is procedurally improper. FTI's strategy in this case is to delay this Court's attention to this case for as long as possible. It noticed the hearing on its motion to dismiss based on personal jurisdiction and venue 4.5 months in the future (for November 1) to prevent the court from reaching the merits of this case. FTI's *ex parte* application continues this strategy—seeking to delay a hearing on Mr. Westerman's motion for preliminary injunction for over four months, from August 28 to December 9, 2024. Based on the parties' currently agreed upon briefing schedule, the motions will both be fully briefed by August 15. As addressed herein, FTI's improper *ex parte* application provides no valid basis to delay this Court hearing Mr. Westerman's preliminary injunction and FTI's motion to dismiss. Importantly, FTI has not made no showing of exigency. FTI's *ex parte* end run should be denied for the following reasons:

**First**, Mr. Westerman's preliminary injunction motion concerns time-sensitive issues that FTI seeks to delay. For over a decade, FTI publicly identified Mr. Westerman as a managing director of its San Francisco office (including on its website and on printed business cards), maintained a physical office for him in San Francisco, and benefited from Mr. Westerman spending 75% or more of his time supporting California-based FTI clients. Compl. ¶ 14. There is no jurisdiction or venue more appropriate to decide this dispute than the Northern District of California, where all relevant actions occurred. *Id*. Notwithstanding this obvious fact, FTI has aggressively sought to forum shop its unlawful non-compete restrictions and prevent this employee from working here in California by filing a lawsuit against him in the District of Columbia—a district with **no** ties to his employment other than a handful of attenuated communications and unidentified travel. *See* Declaration of Ashley Kemper Corkery ("Corkery Decl.") ¶ 2. FTI now tactically seeks to stall this litigation and advance its other improperly venued lawsuit by setting a motion in the instant case for hearing **many months** later and by claiming its motion to dismiss in

this case must be decided first. *Id*. ¶ 3.[1] This Court should not permit such delay on Mr. Westerman's preliminary injunction, where no good cause exists.

**Second**, FTI misrepresents the parties' communications and filings to date. Mr. Westerman's counsel has been diligently working on an agreed-upon date to extend the hearing on its motion for preliminary injunction, including by agreeing to accommodate FTI counsel's vacation dates. *See* Corkery Decl. ¶ 5. FTI has refused to agree to a reasonable hearing schedule and instead asserted it needs vaguely described discovery. FTI has identified no valid basis for discovery at this stage. In particular, Mr. Westerman originally noticed his preliminary injunction hearing for more than 40 days after his July 18, 2024 filing, providing for more than sufficient briefing time. Mr. Westerman's counsel thereafter learned of and agreed to accommodate FTI counsel's later disclosed vacation by agreeing to extend the parties' hearing date to either September 4 or 18, 2024. *See id.* ¶ 5. In proffering September 18, 2024 as a potential hearing date, Mr. Westerman's counsel proposed it be a date where the Court could jointly hear FTI's July 15 motion to dismiss and Mr. Westerman's July 18 preliminary injunction, *see id.*, as is standard practice. *See MG Freesites Ltd. v. DISH Techs. L.L.C.*, No. 23-CV-03674-EMC, 2024 WL 269156 (N.D. Cal. Jan. 24, 2024). *see also Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *1 (N.D. Cal. Jan. 13, 2020) (jointly hearing a motion to dismiss and preliminary injunction). Notwithstanding this reasonable proposal, FTI's counsel plowed forward—without notice to Mr. Westerman's counsel—to file the instant *ex parte* application to set back Mr. Westerman's motion for preliminary injunction from August to December, without good cause.

**Third**, FTI has sought to abuse the *ex parte* process by seeking an extended briefing schedule to accommodate discovery it has not properly sought from the Court nor shown is warranted. On a meet-and-confer call ***a mere two business days ago***, Mr. Westerman's counsel requested clarification as to what discovery FTI believed it needed. *See* Corkery Decl. ¶ 5. In

---

[1] After Mr. Westermn's counsel raised serious question as to FIT's motion to dismiss hearing date, and within hours of filing the instant *ex parte* application, FTI apparently conceded in part to Mr. Westerman counsel's concerns by filing an unannounced motion to advance FTI's motion to dismiss hearing by less than one month to October 9, 2024. *See* Corkery Decl. ¶ 9. As with the instant *ex parte* application, FTI did so without conferring with Mr. Westerman's counsel and in an attempt to reduce its all too obvious forum shopping. *Id*.

response, FTI's counsel represented that it was still developing its anticipated scope of discovery. *Id*. FTI's counsel has since remained steadfast in seeking general, unbounded discovery, including by representing in its briefing that it seeks all-encompassing discovery into "Mr. Westerman's contacts with California, such as his travel records, calendars, credit card statements, text messages, cell phone records, voter registration, and insurance." *Ex Parte* App. at 7.  Yet FTI already possesses (barring its own lack of diligent recordkeeping) the best evidence of Mr. Westerman's employment contacts with California.  To the extent Mr. Westerman's California business travel expenses, client records, and income tax statements are at issue, FTI ***itself*** possesses those voluminous records.  It is blackletter law that "the mere fact that a party has moved for a preliminary injunction does not thereby entitle the party to receive expedited discovery." *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018) (requiring good cause for expedited discovery to be granted).  Indeed, where courts find good cause for expedited discovery, it is usually because **the plaintiff** is seeking expedited discovery, and not the defending party, as is the case here.  *See, e.g.*, *id.*; *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1068 (C.D. Cal. 2009) (indicating discovery for a preliminary injunction is for the plaintiff to preserve the status quo).  FTI's delay tactics are nothing more than a contrived attempt to inundate an individual employee with premature discovery.

**Fourth**, FTI's *ex parte* application is procedurally improper.  Local Rule 7-10 requires that the moving party make reasonable efforts to notify the opposing party of the bases for the *ex parte* application or explain why notice should not be required.  *See* N.D. Cal. L.R. 7-10.  Neither representation was followed.  *See* Corkery Decl. ¶ 8.  Likewise, FTI's sprawling ten-page motion does not even follow the five-page limit applicable to all *ex parte* applications, thereby prejudicing Mr. Westerman who is subject to (and, here, complies with) the same limitation.  *See* N.D. Cal. L.R. 7-11.  As further confusion, FTI's *ex parte* application notices a hearing for August 28, the day before it was filed.  Adding insult to injury, FTI filed this *ex parte* application to extend the briefing deadlines by more than a month for FTI counsel's vacation many weeks out while lead counsel for Mr. Westerman, John Hemann, has an out of office response to FTI's counsel that indicates "I will be out of the country on vacation through August 9." Corkery Decl. ¶ 10.  In short,

to accommodate its own counsel's vacation schedule, FTI rushed through its *ex parte* application disregarding (or trying to capitalize on) opposing counsel's own vacation. These clear procedural infractions and improprieties provide yet another reason to deny FTI's *ex parte* application.

***Fifth***, FTI's remaining arguments are disingenuous. For example, FTI contends that its pending motions should be stayed until after its District of Columbia case is decided. *See Ex Parte* App. at 7. Yet FTI's position runs afoul of the clear authority on this subject matter. *See, e.g.*, *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (noting "an exception to the first-to-file rule typically will be made [where for example there is] . . . forum shopping"). And to the extent FTI boldly claims that Mr. Westerman waived any personal jurisdiction and venue arguments, those bases are squarely referenced in his motion for preliminary injunction. *See* Mot. for Prelim. Injunction at 6 fn. 1.

In short, this Court should not countenance FTI's obvious filibuster attempt to prevent the Court from considering the merits of this case. This Court should deny FTI's substantively and procedurally deficient *ex parte* application and instead consolidate and hear both FTI's motion to dismiss and Mr. Westerman's motion for preliminary injunction on September 4 or September 18, 2024, whichever is more convenient for this Court and both of which provide for more than 45 days from filing for the parties to reach agreement on a briefing schedule.

Dated: July 30, 2024                          COOLEY LLP

                                              By: */s/ Ashley Kemper Corkery*
                                                  Ashley Kemper Corkery

                                              Attorneys for Plaintiff
                                              EDWARD WESTERMAN