UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WESTERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FTI CONSULTING, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-04118-JCS<br><br>**ORDER GRANTING MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY**<br><br>REDACTED<br><br>Re: Dkt. Nos. 22, 67 |

## I.  INTRODUCTION

On December 18, 2024, Defendant FTI Consulting, Inc. and FTI Consulting LLC (collectively, "FTI") brought a Motion to Transfer or, in the Alternative, to Stay ("Motion"), asking the Court to transfer this action to the District Court for the District of Columbia ("the D.C. Court"), where an action previously filed by FTI against the plaintiff in this case, Edward Westerman, is pending.  *See* dkt. no. 68, Request for Judicial Notice, Exhibit B (*FTI Consulting, Inc. v. Edward Westerman*, No. 1:24-cv-01055 (D.D.C., filed Apr. 12, 2024) ("D.C. Action")). Alternatively, FTI asks the Court to stay this case pending resolution of the D.C. Action. The Court finds that the Motion can be decided without a hearing and therefore **vacates the motion hearing set for February 5, 2025** pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, this case is STAYED pending resolution of the D.C. Action.  **The case management conference and hearing on Plaintiff's motion for a preliminary injunction set for February 5, 2025 are vacated**.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

On April 12, 2024, FTI sued Westerman in the D.C. Court for breach of the non-compete and non-solicitation provisions in his employment agreement with FTI based on Westerman's resignation of his position with FTI and acceptance of employment with Secretariat, a competing company. D.C. Action, dkt. no. 1 (Compl.). In the D.C. Action, FTI seeks to recover monetary damages as set forth in the parties' employment agreement and a declaration that the non-compete and non-solicitation provisions in the agreement are valid and enforceable. *Id.* On June 4, 2024, Westerman brought a motion to dismiss for lack of personal jurisdiction in the D.C. Action. *Id.*, dkt. no. 10. As of the date of this Order, that motion has been fully briefed and remains pending.

On June 4, 2024, Westerman filed the instant action in San Francisco Superior Court. In that action, which was removed to this Court on July 8, 2024, Westerman asserts claims for violation of California Business & Professions Code sections 16600 and 16600.5 for FTI's attempts to enforce the noncompete provision in his employment agreement, and pursuant to California Business & Professions Code section 17200 for FTI's alleged unlawful competition. This Court denied FTI's motion to dismiss for lack of jurisdiction on September 25, 2025 and allowed limited discovery related to Westerman's motion for a preliminary injunction, which has now been fully briefed and remains pending.

In the Motion, FTI asks the Court to transfer this action to the D.C. Court under 28 U.S.C. § 1404(a), arguing that neither Plaintiff nor this action has a significant connection to California and that the interests of convenience and justice will be served by transferring this case to the District of Columbia. In the alternative, FTI asks the Court to stay this case under the first-to-file rule pending the outcome of the D.C. Action. Plaintiff counters that the Court should not transfer the action to the D.C. Court because a substantial part of the events giving rise to his claims did not occur there and therefore, venue in that Court is not proper. Even if venue were proper, he contends, transfer will not serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. § 1404(a). Finally, Plaintiff rejects FTI's alternative argument that this case should be stayed under the first-to-file rule. According to Plaintiff, that rule is flexible and discretionary and where, as here, the later filed action has progressed further than the first-filed

1   action, transfer is disfavored. Westerman also asserts that fairness considerations militate against
2   applying the rule.

**III.   ANALYSIS**

   **A.   Legal Standards Governing First-to-File Rule**

The "first-to-file" rule was developed to " 'serve the purpose of promoting efficiency well and should not be disregarded lightly.' " *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The rule allows a district court to dismiss, transfer, or stay an action when a similar complaint has been filed in another federal court. *Id*. at 623. Courts look to three threshold factors in applying this rule: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Id*. at 625–26; *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982).

"Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are substantially similar." *Alioto v. Hoiles*, 2004 WL 2326367, at *5 (N.D. Cal. Oct.12, 2004) (Hamilton, J.) (applying first-to-file rule where both parties in the second action were named parties in the first action, though not all parties in the first action were named in the second action); see also *Aria Diagnostics, Inc. v. Sequenom, Inc*., 2012 WL 761706, at *3 (N.D.Cal. Mar.7, 2012) (Illston, J.). "Of course, if the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule would be reversible error for it would constitute a misapplication of the law." *Alltrade*, 946 F.2d at 628 n. 13 (emphasis original).

Even if the threshold factors of the first-to-file rule are met, wise judicial administration does not dictate a rigid mechanical solution of such problems. *Alltrade*, 946 F.2d at 627–28. District courts can exercise their discretion and dispense with the rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping. *Id*. at 626–28.

   **B.   Discussion**

All of the threshold factors for applying the first-to-file rule are met here.  The D.C. Action was filed almost two months before Westerman filed the instant action.  The parties are the same and the issues raised are almost identical.  Indeed, Westerman does not dispute that these

1  requirements are met. Thus, the only question is whether there are discretionary reasons that
2  warrant declining to stay or transfer this case under the first-to-file rule. The Court finds that there
3  are not.

4  Westerman argues that "efficiency considerations" disfavor application of the first-to-file
5  rule because this case has progressed further than the D.C. Action, citing *Young v. Trump*, 506 F.
6  Supp. 3d 921, 933 (N.D. Cal. 2020) and *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142,
7  1150 (E.D. Cal. 2010). In *Young v. Trump*, however, the court merely recited the rule that "where
8  the later-filed action has progressed further, efficiency considerations . . . disfavor application of
9  the [first-to-file] rule." 506 F. Supp. 3d at 933 (citing *Church of Scientology of California v. U.S.
10 Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by *Animal Legal
11 Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)).  The court in *Young v.
12 Trump* did not rely on that rule, however, in declining to apply the first-to-file rule.  Rather, it
13 found that while the claims in the two cases overlapped, there were significant differences
14 between the two cases and the named plaintiffs were different.  *Id.*  Similarly, in *Adoma v. Univ. of
15 Phoenix, Inc.*, the court declined to apply the first-to-file rule not only based on the relatively early
16 stage of the first-filed case – which had not yet proceeded to certification of the collective action –
17 but also because applying the first-to-file rule posed potential statute of limitations problems for
18 the plaintiff and potential collective members, and the second-filed case included additional
19 theories of recovery. 711 F. Supp. 2d at 1150.  In the *Church of Scientology* case, where the Ninth
20 Circuit *did* rely primarily on the progress of the second-filed case in declining to apply the first-to-
21 file rule, the second-filed case had progressed far beyond the first-filed case, having already
22 "progressed to a judgment on the merits, an appeal, and a remand."  611 F.2d at 750.

23 While this case is slightly more advanced than the D.C. Action, the difference is
24 negligible.  This Court ruled on Westerman's jurisdictional motion only in late September and has
25 not yet addressed the merits of Plaintiffs' preliminary injunction motion.  Furthermore, only
26 limited discovery has occurred, related to Westerman's preliminary injunction motion. In light of
27 the fact that both cases are at an early stage, the considerations of comity that underpin the first-to-
28 file rule are particularly salient and warrant application of that rule here.

1  Likewise, the Court is not persuaded that it should decline to apply the first-to-file rule
2  based on equitable considerations. Westerman does not dispute that [REDACTED]. The Court
3  also notes that Westerman waited over four months after the D.C. Action was filed to bring a
4  preliminary injunction motion in this case, undercutting his argument that any delay associated
5  with applying the first-to-file rule would lead to an inequitable result.

Finally, the Court does not find that FTI's request to apply the first-to-file rule reflects bad faith or any improper forum shopping. FTI is based in the District of Columbia and appears to have had a reasonable basis for concluding that venue in the D.C. Court is proper, though the D.C. Court may reach a different conclusion. While FTI's request to transfer this case to the D.C. Court was not as prompt as the Court would have liked, there is nothing in the record to suggest that the delay was the result of bad faith.

Accordingly, the Court concludes this case should be stayed pending the resolution of the D.C. Action under the first-to-file rule.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED and this case is STAYED pending the resolution of the D.C. Action. Plaintiff's preliminary injunction motion (dkt. no. 22) is DENIED without prejudice to refiling after the stay in this case is lifted. The parties shall file a joint status report informing the Court of the status of the D.C. Action no later than **July 16, 2025**. A Case Management Conference will be held by Zoom webinar (id. 161 926 0804 password 050855) on **July 23, 2025** at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: January 21, 2025

JOSEPH C. SPERO
United States Magistrate Judge

5